**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JUAN CARLOS SCULL,

    Petitioner,

v.                                  CASE NO: 8:08-cv-1233-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #10) and Petitioner's reply (Dkt. #13). Upon review, the Court determines that the petition must be dismissed because the petition is untimely.

### BACKGROUND

On September 1, 2002, Petitioner was arrested and charged with one count of armed kidnaping, one count of attempted second degree murder, one count of armed burglary and one count of simple battery. (Ex. 2). The case went to trial on March 17, 2003, and Petitioner was subsequently found guilty. On May 12, 2003, Petitioner was sentenced to 30 years in prison on count I, life in prison on counts II and III, and time served for count IV.

Petitioner appealed the trial courts conviction to the Second District Court of Appeal. On May 19, 2004, the appeals court per curiam affirmed. *Scull v. State*, 2004 Fla. App. LEXIS 7027 (Fla. 2d DCA May 19, 2004). Petitioner did not seek certiorari review.

On July 9, 2004, Petitioner filed a Motion to Mitigate Sentence. The motion was granted and on July 19, 2004, Petitioner's sentence was reduced to a mandatory 20 years on each felony.

On April 20, 2006, Petitioner filed a 3.850 Motion for Postconviction Relief. In his motion, Petitioner alleged newly discovered evidence. Defendant's claim was found to be without merit and denied on April 12, 2007. Petitioner appealed to the Second District Court or Appeal and on May 12, 2008, the appeals court affirmed the Order Denying Postconviction Relief per curiam.

Petitioner filed the present motion on June 25, 2008, and requests that this Court reverse the judgment and convictions and grant a new trial. (Dkt. #1).

## DISCUSSION

This case is governed by 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The act serves to provide a "more deferential standard of review of state habeas judgments." *Fagged v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001). Essentially, AEDPA attempts to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). As the Supreme Court held in *Williams v. Taylor*, the

District Court's review of the state court's factual findings must be highly deferential. *Williams v. Taylor*, 529 U.S. 362 (2000). Furthermore, the state court's findings are presumed to be correct unless rebutted by clear and convincing evidence. *Id.* The findings of the state court shall be accepted unless they are "contrary to" established Supreme Court precedent or involve an "unreasonable application" of such precedent. *Id.* Finally, if no Supreme Court precedent is on point, or if such precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established federal law. *Mitchell v. Esparaza*, 540 U.S. 12, 17 (2003).

**Timeliness**

Respondent urges that Petitioner's §2254 petition is untimely because Petitioner's 3.850 motion did not toll the statute of limitations. Respondent asserts that Petitioner's AEDPA period began to run on August 18, 2004, the last day Petitioner could have sought certiorari review after the Second Circuit Court of Appeals silent affirmation on May 19, 2004. In fact, the one year began to run on July 29, 2004, when Petitioner's appeal period ended for his "new judgment" (the judgment amending his sentence). *See Ferreira v. Sec'y Dept. of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) (holding that when a prisoner is resentenced, a "new judgment" is created, thus forming a new one year limitation period).

Petitioner did not file his 3.850 Motion for Postconviction relief until April 20, 2006. Therefore, Respondent asserts that Petitioner's 3.850 motion did not toll the one year time period for AEDPA, because the one year period had already expired. See *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that "a state court petition...that is filed

following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

Petitioner contends that the one year AEDPA period did not start until he discovered his new evidence. Section 2254(d)(1)(D) provides in pertinent part: "the limitation period shall run from the latest of the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner asserts that a victim[1] of the alleged crime was an imposter who lied to the court about his identity. After Petitioner's case was affirmed by the Second District Court of Appeal, Petitioner hired a private investigator to research the victim's background. Upon conducting research, the private investigator learned that the victim was in fact using the name, social security and birth date of a person currently incarcerated in the Virgin Islands.

Even using Petitioner's claim of newly discovered evidence as the starting date of the one year limitation, the Petitioner is still time barred. Respondent correctly states that Petitioner discovered the alleged fraud on April 10, 2005, when his postconviction counsel was furnished a copy of the investigators report. Petitioner did not file his 3.850 motion for postconviction relief until April 20, 2006, more than one year after he became aware of such new evidence, and, once again, his one year AEDPA period had already expired.

Petitioner seems to concede in his reply that his petition is time barred, but asks the Court to still consider the petition in fairness to him. The Eleventh Circuit has held that

---

[1] The victim in question is the person known to the court as Reynaldo Cepeda.

"equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec. for the Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). In the present case, Petitioner did not file his 3.850 Motion for Postconviction Relief until more than one year after he became aware of the fraud. Petitioner does not offer any evidence of extraordinary circumstances that kept him from filing his motion earlier. Therefore, Petitioner did not act diligently, and thus his petition is time barred. *Steed v. Head*, 219 F. 3d 1298 (11th Cir. 2000).

For the foregoing reasons, the Petition must be dismissed because it is time barred.

**Procedural Bar**

Respondent argues that Petitioner's petition is procedurally barred because Petitioner changes his present claim from that which was raised in Petitioner's 3.850 motion. In his 3.850 Motion for Postconviction Relief, Petitioner is careful not to accuse the State of having knowledge of the fraud at the time of trial. Petitioner specifically states that no one discovered the fraud "although all parties were diligent." (Ex. 8). However, in the instant petition, Petitioner accuses the state of being aware of the fraud.

Petitioner raised a due process claim in his 3.850 Motion for Postconviction Relief. Petitioner raises the same due process claim in the present §2254 Petition for Writ of Habeas Corpus even though he argues different facts in support. The crux of Petitioner's argument is whether he received due process regardless of whether the State knew of the witness' true identity. Therefore, the Court will not dismiss Petitioner's claim on procedural grounds.

**Merits**

Even though the Petition is time barred, as an explanation to the Petitioner, the Court will discuss the merits of the Petition.

**Violation of Due Process**

Petitioner alleges that his due process rights were violated because his "conviction was obtained through use of perjured testimony." Petitioner contends that because the victim was allowed to testify under a false name, the victim committed fraud on the court.

Fraud upon the court is "fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner." *Zakrewski v. McDonough*, 490 F.3d 1264 (11th Cir. 2007). Further, in order to classify as true fraud upon the court, the fraud must be of an egregious nature. *See Travelers Idem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (holding that fraud on the court "cannot necessarily be read to embrace any conduct of which the court disapproves"). Finally, before the district court can grant Petitioner a new trial based upon fraud on the court, Petitioner must establish that there was an "unconscionable plan or scheme which [was] designed to improperly influence the court in its decision." *Davenport Recycling Assoc. v. C.I.R.*, 220 F.3d 1255, 1262 (11th Cir. 2000).

In the present case, Petitioner does not establish that there was a set plan in place to improperly influence the court. Furthermore, while testifying under a false name is certainly improper, it is not the sort of conduct that prohibits the court from performing in its usual manner.

When Petitioner raised this issue in his 3.850 Motion for Postconviction Relief, the state court denied Petitioner's 3.850 Motion because Petitioner failed to adequately address any prejudice resulting from the victim testifying under a false name. The court reasoned that Petitioner did not offer any information regarding prior offenses committed by the victim that could have been used to attack the victim's credibility. Furthermore, the person who testified at trial, was in fact the victim of the crime. Ultimately, because Petitioner's claim did not "give rise to a reasonable doubt as to his culpability" Petitioner's motion was denied.

It is well settled that the trial court's findings are entitled to a presumption of correctness. 28 U.S.C. §2245(e)(1) provides that "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Moreover, the Eleventh Circuit has held that "the factual findings of the state court, *including the credibility findings*, are presumed to be correct unless [petitioner] rebuts the presumption by clear and convincing evidence." *Rolling v. Crosby*, 438 F.3d 1296, 1301 (11th Cir. 2006).

Petitioner does not prove by clear and convincing evidence that the trial court's findings are incorrect. A jury heard the facts of the case and found Petitioner guilty. Petitioner has not shown that he was prejudiced by the victim's use of a false name. Therefore, Petitioner's ground one has no merit.

## **Conclusion**

The petition must be dismissed because it is time barred. Even if it were not time barred, the petition would be denied for lack of merit.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED with prejudice.

2. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on August 3, 2009.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2008\08-cv-1233.deny 2254.wpd*