**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JUAN CARLOS SCULL,

    Petitioner,

-vs-                                        Case No. 8:08-CV-1233-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This matter is before the Court on Petitioner's Motion for Reconsideration (Dkt. 15) of the Court's August 3, 2009 Order dismissing Petitioner's petition for writ of habeas corpus as time barred (See Dkt. 14). Petitioner filed his Motion for Reconsideration pursuant to Fed. R. Civ. P. 60.

The purpose of Rule 60(b) is to define the bases available to a party for relief from a judgment or order. Grounds for relief include, *inter alia,* mistake, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). Rule 60(b)(1), for example, permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect." *Id.* With the exception of subsection (6), relief from a judgment pursuant to Rule 60(b) must be on motion made within one year of the judgment, therefore Petitioner's motion is timely pursuant to that rule.

Petitioner has not demonstrated that the judgment was entered as a result of a mistake, inadvertence, or surprise. While Rule 60(b)(6) affords the district courts discretion to grant relief in order to do justice, the Court is guided in the exercise of its discretion by settled

circuit precedent. The Eleventh Circuit has held that "[R]ule 60(b)(6) should be construed in order to do substantial justice . . . , but this does not mean that final judgments should be lightly reopened." *See e.g. Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments.").

    Plaintiff has failed to demonstrate that exceptional circumstances warrant granting him relief from the Court's order. *See Crapp v. City of Miami Beach Police Dep't*, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d at 680 (citations omitted) ("[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.")). *See also Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (quoting *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000) (stating that "a Rule 60(b)(6) motion, by which a court has discretion to grant a new trial for 'any other reason justifying relief from the operation of the judgment,' is intended 'only for extraordinary circumstances.'")). Simply put, Petitioner has not demonstrated any basis for the Court to reconsider its Order.

**ACCORDINGLY**, the Court **ORDERS** that Plaintiff's Motion for Reconsideration is **DENIED** (Dkt. 15).

**DONE** and **ORDERED** in Tampa, Florida on September 23, 2009.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished:
Petitioner *pro se*
Counsel of Record

2